FILED

2004 FEB 18 P 1:16

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YAJAIRA OLIVO<br>Plaintiff | : | CIVIL ACTION 3:02CV426 JCH |
| V. | : | |
| SOMNATH, INC. FKA DESAI & SONS &<br>SURESHSINH DESAI<br>Defendants | : | February 17, 2004 |

### RENEWED MOTION FOR ORDER TO GIVE DEPOSITION TESTIMONY

Defendants in the above captioned case hereby move pursuant to FRCP 37 (b) 1 for an order that non-party deponent Kevin Reyes be ordered to attend a deposition at the United States District Court, 915 Lafayette Blvd. Bridgeport, Conn. upon a certain time and date, before Magistrate Holly B. Fitzsimmons. The reasons for this request have previously been set forth in a Motion dated August 28, 2003. At this time, the defendants attach copies of a letter dated 12/2/03 from Assistant State's Attorney Adam Scott and a copy of the plea/sentencing transcript dated 10/5/00.

On the date Mr. Reyes entered a plea of guilty to Criminal Trespass and Breach of Peace, he stipulated to having entered a hotel room without the consent of the owner and having committed a breach of peace therein. (p. 2) After having originally charged Reyes with First

Degree Sexual Assault, the State of Connecticut entered a "plea bargain" with Reyes, having conferred with the victim (p. 4). Reyes understood that when he entered the plea, he gave up his right to a trial, and this was assented to by the State of Connecticut as well (pp. 6-8, inclusive). It should be noted that the sentence was issued in the same hearing. (p. 9)

One who has already entered a guilty plea is not generally entitled to invoke a Fifth Amendment testimonial privilege. United States v. Cioffi, 242 F. 2d. 473 (1957) One of the rights a criminal defendant waives when pleading guilty is the privilege against self incrimination. State of Conn. v. Turner, 67 Conn. App. 708 (2002), Boykin v. Alabama, 395 U.S. 238 at 243, 89 S. Ct. 1709, 23 L. Ed. 2d 275 (1969). Where an individual has not yet been sentenced and is still subject to an upward departure from sentencing guidelines, the privilege would still attach. United Sates v. Bahadar, 954 F. 2d. 821 (2d. Cir., 1992). In this instance, sentence was issued simultaneous to the plea.

Wherefore, the Court should order that Kevin Reyes be compelled to give deposition testimony in the manner described above.

DEFENDANTS

By _____/s/ Jeffrey Schwartz/_____
Jeffrey G. Schwartz
LAW OFFICES OF SCOTT B. CLENDANIEL
P.O. Box 2138
Hartford, CT 06145-2138
(860) 277-7480
Federal Bar CT00534

## ORDER

The foregoing Motion having been heard, it is hereby ORDERED: Granted/Denied.

BY THE COURT

_____
Judge

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed to:

David J. Wenc, Esq.
P.O. Box 306
Windsor Locks, CT 06090

Mark D. Mason, Esq.
Cooley, Shrair, P.C.
1380 Main Street
Springfield, MA 01103

_____/s/ Jeffrey Schwartz/_____
Jeffrey G. Schwartz